UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARCOS MORALES,

    Plaintiff,

v.

FINANCIAL RECOVERY SERVICES, INC.,

    Defendant.

                                    /

CASE NO. 9:22-cv-80148

JURY TRIAL DEMANDED

## COMPLAINT

NOW comes MARCOS MORALES ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of FINANCIAL RECOVERY SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statutes §559.55, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Florida.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Palm Beach County, Florida, which is within the Southern District of Florida.

5. Defendant is a third party debt collector claiming to "provide the 'BEST' quality collection services to our clients[.]"[1] Defendant is incorporated in the state of Minnesota and headquartered at 4510 W. 77th St., Ste. 200, Edina, Minnesota 55435. Defendant regularly collects from consumers in the state of Florida.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempt to collect upon an outstanding debt ("subject debt") that Plaintiff allegedly owed to Barclays Bank Delaware ("Barclays").

8. Plaintiff used his Barclays account to finance the purchase of various household and personal items.

9. Upon information and belief, after Plaintiff's purported default, the subject debt was charged off by Barclays and eventually placed with Defendant for collection purposes.

10. Several months ago, Plaintiff and Defendant agreed on settlement terms to consider the subject debt paid in full.

---

[1] https://www.fin-rec.com/who-we-are/our-mission

11. Plaintiff made the payments pursuant to the aforementioned settlement agreement and Defendant even acknowledged Plaintiff's compliance on a letter it sent to Plaintiff on November 1, 2021.

12. Moreover, Defendant's November 1 letter stated that the account would be considered resolved in full for less than the full balance.

13. Nevertheless, Defendant continued attempting to collect the full amount of the subject debt despite the fact that the subject debt was no longer owed.

14. Furthermore, upon information and belief, Defendant misapplied and mismanaged Plaintiff's payments toward the subject debt.

15. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to confusion, aggravation, and reduction of available funds.

16. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her federally protected interests as a result of Defendant's conduct.

17. Plaintiff was further subjected to deceptive and misleading conduct by Defendant, which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and alleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

25. Defendant violated §1692e, e(2), e(5), and e(10) when it misrepresented the status of the subject debt. Defendant attempted to collect the full outstanding balance of the subject debt even though it had agreed to settle the subject debt for a lesser amount. Defendant's collection attempts after Plaintiff and Defendant reached a settlement agreement needlessly frustrated and confused Plaintiff. Moreover, Defendant mismanaged Plaintiff's payments towards the subject debt, which resulted in Defendant misrepresenting the amount purportedly owed by Plaintiff.

    b. **Violations of FDCPA § 1692f**

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

27. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by breaching the terms of the settlement agreement between Plaintiff and Defendant and by mismanaging Plaintiff's payments toward the subject debt.

WHEREFORE, Plaintiff, MARCOS MORALES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

28. Plaintiff restates and realleges paragraphs 1 through 17 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by Florida Statutes §559.55(8).

30. Defendant is a "debt collector" as defined by Florida Statutes §559.55(7).

31. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

   a. **Violations of FCCPA § 559.72(9)**

32. A person violates section 559.72(9) of the FCCPA when it claims, attempts, or threatens to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

33. Defendant violated section 559.72(9) of the FCCPA when it misrepresented the status of the subject debt. The subject debt is no longer owed by Plaintiff. Consequently, Defendant violated the FCCPA by attempting to enforce its right to collect a debt that was no longer owed.

WHEREFORE, Plaintiff, MARCOS MORALES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff his actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: January 31, 2022

Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com